UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-721-FDW-DCK

| VALERIE ARROYO, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| DANIEL J. ZAMORA, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of the Complaint, (Doc. No. 1), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 2), Plaintiff's Motion for a Preliminary Injunction, (Doc. No. 3), and Plaintiff's Verified Motion for Entry of [Default] Judgment, (Doc. No. 5).

**I.    BACKGROUND**

*Pro se* Plaintiff Valerie Arroyo, a resident of North Carolina, filed this action on December 15, 2017, pursuant to 42 U.S.C. §§ 1983 and 1985, and 18 U.S.C. §§ 241 and 242.[1] She names as Defendants: Attorney Daniel J. Zamora in his individual and official capacities, and the following in their official capacities: Attorney Chad Diamond, the North Carolina State Bar; the Mecklenburg County Clerk of Superior Court, Civil Division; and the State of North Carolina. (Doc. No. 1 at 1-2). She additionally names in the body of her Complaint the North Carolina

---

[1] Plaintiff characterizes this action as one pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotis</u>, 403 U.S. 388 (1971), however, she does not name any federal actors as defendants. Therefore, it is liberally construed as an action brought under § 1983.

Judicial Standard Commission and the North Carolina, Department of Justice. (Doc. No. 1 at 8).

Plaintiff alleges that the Defendants violated her rights under the United States Constitution and North Carolina law in relation to two lawsuits in North Carolina Superior Court.[2] The first was apparently a negligence action that Plaintiff brought against Zamora, and a second action brought by Zarmora against Plaintiff. Zamora was apparently represented in both actions by Mr. Diamond. Plaintiff alleges that Zamora and Diamond used false affidavits to defeat her in both actions without a jury trial, that the other Defendants displayed favoritism towards Zamora and Diamond, and that all the Defendants violated North Carolina laws and procedures as well as Plaintiff's federal civil rights. She seeks declaratory judgment, compensatory and punitive damages, injunctive relief, and any other relief the Court deems just and equitable.

Plaintiff filed a motion for preliminary injunction, (Doc. No. 3), to prevent Defendants "from violation of civil right act, deprivation of rights under color of law, and violation of constitutional amendments, and abuse of process, and failure to act, and breach of fiduciary duties, and intentional infliction of emotional distress, and negligence, and false malicious prosecution, or contacting Plaintiff or her family during the pendency of this case, and for other relief." (Doc. No. 3 at 1-2).

She also seeks default judgment, claiming that Defendants' response was due on January 10, 2018, and their failure to do so warrants entry of default judgment in her favor pursuant to Rule 55. (Doc. No. 5).

## II. STANDARD OF REVIEW

Because Plaintiff seeks to proceed *in forma pauperis*, the Court must review the Complaint

---

[2] Plaintiff identifies the claims as: (1) violation of the civil rights act; (2) deprivation of rights under the color of law; (3) violation of Constitutional Amendments 1, 7, and 14; (4) abuse of process; (5) failure to act; (6) breach of fiduciary duty; (7) intentional infliction of emotional distress; and (8) negligence.

to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). However, the statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

**(1) 18 U.S.C. §§ 241, 242**

First, Plaintiff attempts to invoke two federal statutes criminalizing conspiracies and deprivation of rights under the color of law. However, "in American jurisprudence …, a private

3

citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)); Harris v. Salley, 339 Fed. Appx. 281 (4th Cir. 2009) (prisoner lacked equal protection right to have criminal proceedings instituted against § 1983 defendants).

Plaintiff, as a private citizen, is not authorized to bring criminal charges. Therefore, her claims under §§ 241 and 242 are dismissed with prejudice as frivolous.

**(2)** **42 U.S.C. §§ 1983, 1985**

"Section 1983 imposes liability on state actors who cause the deprivation of any rights, privileges or immunities secured by the Constitution." Loftus v. Bobzien, 848 F.3d 278, 284 (4th Cir. 2017) (quoting Doe v. Rosa, 795 F.3d 429, 436 (4th Cir. 2015)). To state a claim under § 1983, a plaintiff must allege that the defendant, acting under the color of law, violated her federal constitutional or statutory rights and thereby caused injury. Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011).

Section 1985 prohibits civil conspiracies that interfere with civil rights. To state a claim under § 1985, a plaintiff must show:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyments of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

Thomas v. The Salvation Army So. Territory, 841 F.3d 632, 637 (4th Cir. 2016) (quoting Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995)).

Plaintiffs making claims under §§ 1983 and 1985 must show that their constitutional rights were violated under the color of law. Willis v. Town of Marshall, 293 F.Supp.2d 608, 613 (W.D.N.C. Nov. 25, 2003) (citing Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 924 (1982);

4

Adickes v. S.H. Kress & Co., 398 U.S. 144, 166 n.31 (1970)). If the defendant is not a state actor, there must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999); see Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

Plaintiff's conclusory allegations are insufficient to state a violation of §§ 1983 or 1985. See, e.g., Willis v. Ashcroft, 92 Fed. Appx. 959 (4th Cir. 2004) (conclusory allegations of conspiracy give no basis for relief).

Moreover, Plaintiff has not named a single Defendant against whom her civil rights action can proceed.

**(A)** **State of North Carolina/Official Capacity Claims**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of Another State, or by Citizens of any Foreign State." U.S. Const. Amend. 11. Neither a State nor its officials acting in the official capacities are "persons" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, civil rights suits against a state, its agencies, and its officials sued in their official capacities for damages are barred absent a waiver by the State or a valid congressional override. Kentucky v. Graham, 473 U.S. 159, 169 (1985);

Plaintiff names "North Carolina" in the caption of his Complaint, and names all of the Defendants in their official capacities except for Zamora, whom he names in his official and individual capacities. However, Plaintiff's claims against the State of North Carolina and against Defendants in their official capacities are barred by sovereign immunity.

Any attempt to amend and name the Defendants in their individual capacities would be

5

futile for the reasons set forth in the following sections.

**(B)** **Zamora and Diamond**

Defendants Zamora and Diamond are private attorneys who litigated against Plaintiff in two North Carolina actions; Zamora as a litigant and Diamond as his counsel.

To implicate §§ 1983 and 1985, conduct must be "fairly attributable to the State." DeBauche, 191 F.3d at 506. Plaintiff's bald assertions that Zamora and Diamond were treated favorably in the two North Carolina cases fail to allege a sufficiently close relationship between the private Defendants and a state actor under the color of state law for purposes of this lawsuit. Id. Therefore, the claims against Zamora and Diamond are dismissed with prejudice.[3]

**(C)** **Mecklenburg County Clerk of Superior Court, Civil Division**

Clerks of Court are generally entitled to quasi-judicial immunity. See Briscoe v. LaHue, 460 U.S. 325, 334-35 (1983) (noting that quasi-judicial immunity is accorded to individuals who play an integral part in the judicial process). This immunity extends to claims involving "tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994); see also Ross v. Baron, 493 Fed. Appx. 405, 406 (4th Cir. 2012) (Clerk of Court is generally entitled to quasi-judicial immunity).

Plaintiff's allegations that the Clerk of Court failed to follow law and procedures with regards to its handling of Plaintiff's two North Carolina cases, including the setting of hearings, provision of notice, and handling of notices of appeal, are duties that are integral to the judicial process. Therefore, quasi-judicial immunity applies and the Clerk of Courts is immune from suit.

---

[3] The dismissal is with prejudice because any attempt to amend the claims against Zamora and Diamond would be futile. Plaintiff's claims against Zamora and Diamond are an attempt to invalidate the two state court proceedings, which this Court is prohibited from doing for the reasons set forth in Section (3), *infra*.

See, e.g., Martin v. Rush, 2013 WL 2285948 at *5 (D.S.C. 2013) (applying quasi-judicial immunity to clerk who allegedly failed to provide a requested hearing transcript); Wiley v. Buncombe County, 846 F.Supp.2d 480, 485 (W.D.N.C. 2012) (quasi-judicial immunity applied to clerk who allegedly failed to deliver judge's writ of habeas corpus to the proper parties).

Plaintiff's claims against the North Carolina Clerk of Courts are, therefore, dismissed with prejudice.

**(D)  North Carolina State Bar**[4]

The North Carolina State Bar is an agency of the State of North Carolina. See N.C. Gen. Stat. § 84-15. A State Bar is an "arm of the [State] Supreme Court in connection with disciplinary proceedings [and] is an integral part of the judicial process and is therefore entitled to the same immunity which is afforded to prosecuting attorneys in that state." Clark v. State of Wash., 366 F.2d 678, 681 (9th Cir. 1966) (quotations omitted).

The North Carolina State Bar acted as an arm of the State in handling Plaintiff's grievance against Zamora and denying it. See Slavin v. Curry, 574 F.2d 1256, 1266 (5th Cir.) (members of bar association's grievance committee were absolutely immune from damages liability under § 1983 because they were performing as agents of the state's judicial department), *modified on other grounds*, 583 F.2d 779 (5th Cir. 1978); Hoke v. Bd. of Med. Examiners of N.C., 445 F.Supp. 1313, 1315-16 (W.D.N.C. 1978) (medical board members absolutely immune from liability for damages because their role was analogous to a state prosecutor's initiation of criminal proceedings); see

---

[4] The Complaint refers to this Defendant as both the "North Carolina State Bar" and the "North Carolina State Bar Association." (Doc. No. 1 at 1, 8). It appears that Plaintiff intends to sue the North Carolina State Bar, which is a government agency. The North Carolina Bar Association, on the other hand, is a non-governmental, voluntary professional association against which a § 1983 civil rights action cannot generally proceed. See DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999) (to implicate 42 U.S.C. § 1983, conduct must be 'fairly attributable to the State.'") (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).

also Werle v. Rhode Island Bar Ass'n, 755 F.2d 195 (1st Cir. 1985) (even if State Bar and its former committee on the unauthorized practice of law were state actors, they were the equivalent of prosecutors and were immune from damages liability).

Thus, the North Carolina State Bar is immune from suit and Plaintiff's claim against it is dismissed with prejudice.

**(E)** **North Carolina Judicial Standard Commission & Department of Justice**

The Federal Rules of Civil Procedure provide that, "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a); see Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."). Although *pro se* litigants are entitled to have their pleadings liberally construed, Haines, 404 U.S. at 520, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," Pliler v. Ford, 542 U.S. 225 (2004).

The body of the Complaint Contains allegations against the North Carolina Judicial Standards Commission and the North Carolina Department of Justice; however, neither is named as a defendant in the caption as required by Rule 10(a). This failure renders Plaintiff's allegations against these Defendants nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served).

The Court would ordinarily afford Plaintiff the opportunity to file an Amended Complaint and include this party in the caption. Amendment would be futile in this case, however, because the Judicial Standards Commission and Department of Justice are arms of the State that are immune from suit for the same reasons stated in Sections (2)(C)-(D), *supra*; see, e.g., Cannell v. Oregon Dep't of Justice, 811 F.Supp. 546, 548 n.1 (D. Or. 1993) (Oregon Department of Justice

8

is an arm of the state than cannot be a defendant in a § 1983 action). Therefore, the claims against the North Carolina Judicial Standards Commission and Department of Justice are dismissed with prejudice.

**(3)** **Jurisdiction**

Even if Plaintiff had named a Defendant against whom this suit could proceed, the Court would lack jurisdiction to review the North Carolina courts' judicial decisions that Plaintiff seeks to attack.

Congress has vested the Supreme Court with exclusive jurisdiction to review state court decisions. 28 U.S.C. § 1257. The Rooker-Feldman[5] doctrine divests the district court of subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). That is, a district court lacks jurisdiction where "entertaining the federal claim should be the equivalent of an appellate review of [the state court] order." Jordahl v. Dem. Pty. of Va., 122 F.3d 192, 202 (4th Cir. 1997). "[W]here plaintiffs' claims are 'inextricably intertwined' with the merits of a state court decision, then the district court is being asked to review the state court decision, a result prohibited by Rooker-Feldman." Id. (quoting Leonard v. Suthard, 927 F.2d 168, 169-70 (4th Cir. 1991)).

The gist of Plaintiff's Complaint is that two civil suits in the North Carolina Superior Court were decided adversely to her due to misconduct by Zamora and Diamond, the North Carolina Courts' failure to follow laws and procedures. She further claims that the North Carolina Bar and

---

[5] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

Judicial Commission failed to investigate and punish the alleged misconduct, and that the North Carolina Courts failed to grant relief on review of those decisions. See (Doc. No. 1 at 17-18). Her prayer for relief is telling; Plaintiff seeks "relief for the original complaint allegations," and asks that "[a]ll allegation[s] and cases be close[d] against [her]…." (Doc. No. 1 at 30).

The Court's grant of relief in this action would necessarily require it to overrule various orders and rulings made in the state court, which the Court is prohibited from doing.[6] See Exxon Mobile, 544 U.S. at 293–94; Feldman, 460 U.S. at 462 (district court lacked jurisdiction to review state court's allegedly unconstitutional denial of an applicant's admission to sit for the Bar examination because the state-court action was judicial in nature and final state-court judgments can only be reviewed by the Supreme Court).

Therefore, even if Plaintiff had named a Defendant against whom this suit could proceed, it would be dismissed for lack of subject-matter jurisdiction.

**(4)     North Carolina Claims**

The district courts have supplemental jurisdiction over claims that are so related to the claims over which the court has original jurisdiction that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A court may decline to exercise supplemental jurisdiction if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for

---

[6] Plaintiff appears to suggest that one of the North Carolina cases is not yet final. Plaintiff has failed to allege any facts that demonstrate extraordinary circumstances that would warrant this Court's interference with ongoing state court proceedings. See Younger v. Harris, 401 U.S. 37 (1971); Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). Therefore, even if the Court had jurisdiction over this action, it would abstain from interfering in the State court proceedings.

declining jurisdiction. 28 U.S.C. § 1367(c)(1)-(4).

None of Plaintiff's federal claims have passed initial review, therefore, the Court will not exercise supplemental jurisdiction over Plaintiff's claims under North Carolina law.

**(5)** **Temporary Restraining Order/Preliminary Injunction**

A preliminary injunction is an extraordinary remedy afforded before trial at the discretion of the district court. Pashby v. Delia, 709 F.3d 307, 319 (4th Cir. 2013). It is an extraordinary remedy that is never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, a plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Id. at 20; Di Biase v. SPX Corp., 872 F.3d 224, 229 (4th Cir. 2017).

Plaintiff's rambling and conclusory allegations fail to set forth facts supporting any of the elements for granting an injunction and, therefore, her motion for temporary restraining order/ preliminary injunction will be denied.

**(6)** **Motion for Default Judgment**

The Complaint has not been served on Defendants and, for the reasons set forth in this Order, it does not pass initial review. Defendants have not yet appeared in the case and had no

obligation to file an Answer. Therefore, they are not in default and Plaintiff's Motion for the entry of default judgment will be denied.

### IV. CONLUSION

For the reasons stated herein, this action is dismissed with prejudice and Plaintiff is granted *in forma pauperis* status for the limited purpose of initial review. The Complaint is dismissed as frivolous, for failure to state a claim upon which relief can be granted, and for seeking damages against immune parties, and for lack of subject-matter jurisdiction.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 2), is **GRANTED** for the limited purpose of this initial review.

2. Plaintiff's Motion for Preliminary Injunction, (Doc. No. 3), is **DENIED**.

3. Plaintiff's Motion for Default, (Doc. No. 5), is **DENIED**.

4. The Complaint is **DISMISSED** with prejudice as frivolous, for failure to state a claim upon which relief can be granted, and for seeking damages against immune parties pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and for lack of subject-matter jurisdiction.

5. The Clerk is directed to close the case.

Signed: March 21, 2018

Frank D. Whitney
Chief United States District Judge