UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-721-FDW-DCK

| VALERIE ARROYO, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| DANIEL ZAMORA, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Plaintiffs' "Order, Memorandum, and Recommendation," which is construed as a Motion for Reconsideration, (Doc. No. 10).

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

1

On March 21, 2018, the Court dismissed the Complaint as frivolous, for failure to state a claim on which relief can be granted, and for seeking damages against immune parties. Plaintiff presently seeks to challenge that Order, but has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. The motion does not present evidence that was unavailable when the Complaint was filed, nor does the motion stem from an intervening change in the applicable law. Furthermore, the Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice. See Hill, 277 F.3d at 708. For these reasons, the Court will deny the Plaintiffs' Motion for Reconsideration.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion for Reconsideration, (Doc. No. 10), is **DENIED**.

Signed: April 27, 2018

Frank D. Whitney
Chief United States District Judge