## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:17-cv-721-FDW-DCK

| | |
|---|---|
| VALERIE ARROYO, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| DANIEL ZAMORA, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's *pro se* "Motion to Vacate Sua Sponte Order," which is construed as a Second Motion for Reconsideration, (Doc. No. 13).

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

1

On March 21, 2018, the Court dismissed the Complaint as frivolous, for failure to state a claim on which relief can be granted, and for seeking damages against immune parties. Plaintiff, for the second time, seeks to challenge that Order, but has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. The motion does not present evidence that was unavailable when the Complaint was filed, nor does the motion stem from an intervening change in the applicable law. Furthermore, the Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice. See Hill, 277 F.3d at 708. For these reasons, the Court will deny the Plaintiff's Second Motion for Reconsideration. Plaintiff is cautioned that continued frivolous and duplicative *pro se* filings may result in the imposition of sanctions.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Second Motion for Reconsideration, (Doc. No. 13), is **DENIED**.

Signed: May 1, 2018

Frank D. Whitney
Chief United States District Judge