UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00721-FDW-DCK

| | |
|---|---|
| VALERIE ARROYO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| DANIEL ZAMORA, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on the Court's Order to Show Cause entered on May 30, 2018. (Doc. No. 18). The Court ordered Plaintiff to show cause why her filing of the "Amended Complaint" does not warrant sanctions. (Doc. No. 18). The Court stated the failure to show cause or respond, "may result in the entry of sanctions, including but not necessarily limited to a pre-filing injunction." (Doc. No. 18 at 2-3). Plaintiff filed a response on June 13, 2018. (Doc. No. 19).

As previously summarized by the Court in its May 30, 2018 order:

Plaintiff commenced this case *pro se* and moved to proceed *in forma pauperis* on December 15, 2017. (Doc. Nos. 1, 2). On March 21, 2018, the Court, after granting Plaintiff *in forma pauperis* status for the limited purpose of initial review, dismissed Plaintiff's complaint with prejudice "as frivolous, for failure to state a claim upon which relief can be granted, and for seeking damages against immune parties pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and for lack of subject-matter jurisdiction" and directed the Clerk to close the case. (Doc. No. 8 at 12). On the same day, the Clerk's Judgment was entered in accordance with the Court's order and the case closed. (Doc. No. 9). Plaintiff then filed a *pro se* "Order, Memorandum, and Recommendation" on March 27, 2018, which the Court construed as a motion to reconsider and denied on April 27, 2018. (Doc. Nos. 10, 12). Plaintiff filed three days later on April 30, 2018 a *pro se* "Motion to Vacate Sua Sponte Order," which the Court construed as Second Motion for Reconsideration and denied. (Doc. Nos. 13, 14). In its May 1, 2018 order denying the Second Motion for Reconsideration, the Court "cautioned that continued frivolous and duplicative *pro se* filings may result in the imposition of sanctions."

(Doc. No. 14 at 2). On May 2, 2018, Plaintiff filed a *pro se* "Motion to Alter, Amend a Judgment under FRCP 59(e)." (Doc. No. 15). On May 7, 2018, the Court denied Plaintiff's "Motion to Alter, Amend a Judgment under FRCP 59(e)" and further warned that it "may impose sanctions, including a pre-filing injunction, if Plaintiff continues to file frivolous and duplicative *pro se* filings." (Doc. No. 16 at 2). Plaintiff filed this "Amended Complaint" on May 18, 2018. (Doc. No. 17).

(Doc. No. 18).

Courts have authority to sanction the filings or advocation by counsel or unrepresented persons if they have violated Fed. R. Civ. P. 11(b) and "to limit access to the courts by vexatious and repetitive litigants" pursuant to the All Writs Act, 28 U.S.C. § 1651(a). Cromer v. Kraft Foods N. Am. Inc., 390 F.3d 812, 817 (4th Cir. 2004) (citations omitted). Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

When considering sanctions limiting access to the courts, courts must proceed in accordance "with constitutional guarantees of due process of law and access to the courts" and should employ such authority "sparingly[.]" Cromer, 390 F.3d at 817 (citing U.S. Const. amend. XIV, § 1). Therefore, courts provide the "litigant notice and an opportunity to be heard[,]" id. at 819 (citations omitted), which may be in the form of an order "to show cause[,]" Fed. R. Civ. P. 11(c)(3).

Then, the Court "must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2)

whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Cromer, 390 F.3d at 818 (citing Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986); Green v. Warden, United States Penitentiary, 699 F.2d 364, 368-69, 370 n.8 (7th Cir. 1983); Pavilonis v. King, 626 F.2d 1075, 1078-79 (1st Cir. 1980)). Further, the court must narrowly tailor the injunction "to fit the specific circumstances at issue." Cromer, 390 F.3d at 818 (citations omitted).

The Court gave Plaintiff notice and an opportunity to be heard through its issuance of the Show Cause Order, which warned that sanctions, including but not limited to a prefiling injunction may be imposed. Plaintiff's response to the Show Cause Order admits she has received all orders from this Court. (Doc. No. 19 at 1). Plaintiff contends she has not abused the Court or acted in bad faith because she could file an Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. (Doc. No. 19 at 3).

Plaintiff's belief in her authority to file of the Amended Complaint is not supported by Rule 15 of the Federal Rules of Civil Procedure. Rule 15 provides:

> (a) Amendments Before Trial.
>   (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>     (A) 21 days after serving it, or
>     (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>   (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Neither the Plaintiff nor the record shows that service on the complaint occurred, and Plaintiff neither had the opposing parties' written consent nor sought the court's leave to file an amended complaint. Plaintiff's complaint only certifies that the "Complaint & Summons will be served . .

3

. .." Further, Plaintiff filed her complaint without paying the fee required under 28 U.S.C. § 1914(a) and instead sought the court's authorization to commence and prosecute the suit by submitting "an affidavit that includes a statement of all assets such [plaintiff] possesses that the person is unable to pay such fees or give security therefor[,]" 28 U.S.C. § 1915(a). Upon consideration of Plaintiff's affidavit, the Court dismissed Plaintiff's complaint with prejudice "as frivolous, for failure to state a claim upon which relief can be granted, and for seeking damages against immune parties pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and for lack of subject-matter jurisdiction" and directed the clerk of court to close the case after granting Plaintiff *in forma pauperis* status for the limited purpose of initial review. (Doc. No. 8 at 12). The clerk of court subsequently closed the case and entered judgment. Accordingly, summons was never issued.

Finally, after entry of a final judgment, district courts lack subject matter jurisdiction over an amended complaint or any request to amend a complaint due to mootness. See Combs v. PriceWaterhouse Coopers, LLP, 382 F.3d 1196, 1205 (10th Cir. 2004); National Petrochemical Co. of Iran v. The M/T Stolt Sheaf, 930 F.3d 240, 244 (2d Cir. 1991) (citations omitted); FDIC v. Weise Apartments—44457 Corp., 192 F.R.D. 100, 103 (S.D.N.Y. 2000) (citing Paganis v. Blonstein, 3 F.3d 1067, 1072 (7th Cir. 1993)). The entry of final judgment "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945) (defining final decision). Although other Federal Rules of Civil Procedure may provide relief after entry of a final judgment, Rule 15 does not. See Combs, 382 F.3d at 1205; FDIC, 192 F.R.D. at 103.

The filing of the Amended Complaint, along with all the other filings before this Court reflect a lack of understanding of the law. This fundamental misunderstanding has resulted in numerous frivolous filings with no good faith basis under the law. The burden on the Court to

address these filings, therefore, is not justified, and given Plaintiff's consistency in filing frivolous motions or pleadings, unduly heavy. Plaintiff's response suggests Plaintiff's meritless filings will not cease but continue indefinitely and her representation of her limited means shows that monetary sanctions could not adequately address Plaintiff's conduct. The Court also has already addressed and denied Plaintiff's post-judgment motions under Rule 59(e) of the Federal Rules of Civil Procedure. Thus, the Court concludes Plaintiff's filing of the "Amended Complaint" was filed for an improper purpose and was not warranted by existing law or by a nonfrivolous argument. Fed. R. Civ. P. 11(b). Having considered the record and all four <u>Cromer</u> factors, the Court concludes the only adequate remedy is a prefiling injunction.

As Plaintiff's conduct has been limited to this case, the Court will only impose a prefiling injunction as to this closed case with docket number 3:17-cv-00721 for one year. The injunction will not extend to any filing by Plaintiff that has been reviewed and signed by an attorney licensed in the state of North Carolina certifying that the filing is not in violation of Rule 11 of the Federal Rules of Civil Procedure. The attorney shall list their bar number but need not represent the Plaintiff. By limiting the injunction in this manner, the Court ensures that nonfrivolous filings may be made.

THEREFORE, the Court hereby ORDERS and ENJOINS Plaintiff from filing in the above-captioned case, docket number 3:17-cv-00721, for one year unless Plaintiff's filing includes a certification from an attorney licensed in the state of North Carolina certifying that the filing is not in violation of Rule 11 of the Federal Rules of Civil Procedure. Plaintiff is advised that any filing that is made in violation of this Order may be punishable as a contempt of this court and could result in sanctions, that could include imprisonment.

In the event Plaintiff files papers in violation of this Order, upon such notice, the clerk of court will, under authority of this court, immediately and summarily strike the pleading or filings.

The clerk of court is respectfully DIRECTED to send a copy of this Order to Plaintiff's address of record and to maintain a copy of this Order for its records.

IT IS SO ORDERED.

Signed: June 18, 2018

Frank D. Whitney
Chief United States District Judge